IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY D. SPEIGHT : | |
| : | No. 22-cv-5004-JMY |
| vs. : | |
| : | |
| IOTA COMMUNICATIONS, INC. : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                              February 18, 2025

Currently before the Court is an uncontested *Motion for Default Judgment and/or in the Alternative, Summary Judgment* (ECF No. 46) filed by the Plaintiff, Rodney M. Speight. The Court finds this Motion appropriate for resolution without oral argument. See Fed. R. Civ. P. 78, L.R. 7.1(f).

**I.      FACTUAL AND PROCEDURAL HISTORY:**

   **A.      Procedural History:**

On December 1, 2023, this case was reassigned from the calendar of the Honorable Edward G. Smith, United States District Judge, to the calendar of the Honorable John M. Younge, United States District Judge, for all further proceedings. (*Order*, ECF No. 35.) Prior to reassignment to this Court, on November 3, 2023, Counsel for Defendant, Iota Communications, Inc., filed a motion to withdraw as attorney for Defendant, Iota Communications, Inc. (*Motion to Withdraw*, ECF No. 33.) On December 6, 2023, this Court scheduled Defense Counsel's motion to withdraw for a hearing set to take place on March 21, 2024. (*Order*, ECF No. 37.) The Order scheduling the hearing directed Defense Counsel to serve Defendant with a copy of the motion to withdraw along with notice of the March 21, 2024 hearing date. (*Id.*) Defendant was also provided with notice of its right to attend the hearing and respond in writing to Defense Counsel's motion to withdraw. (*Id.*; *see also Order*, ECF No. 34.)

At the March 21, 2024 hearing, this Court granted Defense Counsel's motion to withdraw, and it entered a thirty (30) day stay of proceedings to provide Defendant with an opportunity to find replacement counsel. (*Order*, ECF No. 43.) The Court further directed Defense Counsel preserve documents in the case file and to serve a copy of the Order permitting withdrawal on Defendant. (*Id.*) The Order specifically notified Defendant that "a corporate entity cannot appear in court and represent itself *pro se*, because a corporation can only appear in court through an attorney at law who is admitted to practice before the court." (*Id.* footnote 1.) No representative for Defendant attended the hearing or attempted to respond in any fashion to the motion to withdraw filed by Defense Counsel.

On September 9, 2024, the Court entered a Scheduling Order to establish case management deadlines; such as, a discovery end date and deadline for filing dispositive motions. (*Order*, ECF No. 45.) The Scheduling Order entered by the Court clearly states that the stay of proceedings was lifted. (*Id.*) To date, the Court has received no written communication from Defendant, and no counsel of record has entered an appearance on Defendant's behalf. (*Id.*) Since Defendant has failed to retained counsel, and it has failed to file a response or otherwise oppose Plaintiff's *Motion for Default Judgment and/or in the Alternative, Summary Judgment*, this Court draws a reasonable inference that Defendant has failed to meaningfully participate in discovery during the established case management deadlines.

Given the Defendant's failure to file a response in opposition, this Court will accept as true, accurate and correct the factual allegations as set forth in Plaintiff's *Motion for Default Judgment or in the Alternative Summary Judgment* and *Supplemental Statement of Undisputed Facts* (ECF No. 46-8.) which includes as exhibits the *Declaration of Alan V. Klein, Esq., (Klein*

2

*Decl.* ECF No. 46-1) and the *Declaration of Rodney Speight*.[1] (*Rodney Decl.*, ECF No. 46-4.) This Court also relies on the allegations in the first *Amended Complaint* (*Amended Complaint*, ECF No. 18) and related pleadings to reach its decision.

**B.  Relevant Factual History:**

On December 31, 2020, the Parties entered into a *Subscription and Put Option Agreement* (the "*Agreement*"). (*Speight Decl.* ¶ 3.; *Agreement*, *Amended Complaint* Exhibit A, ECF No. 18.) Pursuant to the *Agreement*, Defendant issued to Speight 12,500,000 shares of Defendant's common stock at the price of $0.024 (*i.e.*, 2.4 cents) per share (the "Shares"). (*Speight Decl.*, ¶¶ 5, 6; *Answer to the Complaint*, ¶¶ 5, 7, 8.) Defendant also offered, sold, and issued the Put Shares to Plaintiff pursuant to an exemption from the registration requirements of the Securities Act of 1933 (the "1933 Act"). (*Id.*)

Pursuant to the *Agreement*, Defendant also granted Plaintiff a put option (the "Put Option") with respect to the Shares, which provided Plaintiff the right, but not the obligation, at any time on or after June 1, 2021, to require Defendant to purchase from Plaintiff up to a maximum of 2,500,000 of the 12,500,000 shares Plaintiff held in Defendant for a price of $0.12 (*i.e.*, 12 cents) per share equal to $300,000. (*Speight Decl.*, ¶¶ 7, 8; *Agreement*, Article IV.) Plaintiff exercised his rights under terms of the Put Option in the *Agreement*. (*Speight Decl.* ¶ 7.) To date, Defendant has failed to acknowledge its obligation to repurchase its shares as required by the terms of the *Agreement* entered into between the Parties.

---

[1] Failure to oppose a motion for summary judgment constitutes "a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it." *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175-76 (3d Cir. 1990)). By failing to file a response within the specified time, "the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion." *Reynolds v. Rick's Mushroom Serv.*, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003) (quoting *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

## II. LEGAL STANDARD:

Summary Judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016); *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere

existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION:

The Court finds that the Defendant breached the Subscription and Put Option Agreement. The *Agreement* is governed by Delaware law. (*Agreement* ¶ 5.7 (Governing Law).) Under Delaware law, the elements of a breach-of-contract claim are: (1) the existence of a contractual obligation, either expressed or implied; (2) breach of that obligation imposed by the contract; and (3) resulting damages. *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 548 (Del. Super. 2005), *aff'd*, 886 A.2d 1278 (Del. 2005); *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). "When the contract is clear and unambiguous, [the court] will give effect to the plain-meaning of the contract's terms and provisions." *Takeda Pharms. U.S.A. Inc., v. Mylan Pharms, Inc.*, 2024 U.S. Dist. Lexis 218906 (D. Del. December 3, 2024) citing *Estate of Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010). Delaware courts will also "look to dictionaries for assistance in determining the plain meaning of terms which are not defined in a contract." *Lorillard Tobacco* Co. *v. Am. Legacy Found.*, 903 A.2d 728, 738 (Del. 2006). Delaware law adheres to the objective theory of contracts, "meaning that a contract's construction should be that which would be understood by an objective, reasonable third party." *NBC Universal v. Paxson Commc'ns Corp.*, 2005 WL 1038997, at *5 (Del. Ch. Apr. 29, 2005).

An ambiguity exists only when a contract is fairly susceptible to two or more reasonable interpretations. *Rossi v. Ricks*, 2008 WL 3021033, at *2 (Del. Ch. Aug. 1, 2008). Under Delaware law, whether a contractual ambiguity exists is a question of law for the court, not a

question of fact for the finder of fact.  *Unwired Planet, Inc. V. Microsoft Corp.,* 193 F. Supp. 3d 336 (Dist. Del 2016).  Under general contract principles, as well as the substantive law of Delaware, "parties have a right to enter into good and bad contracts [and the law will] enforce both."  *Nemec v. Shrader,* 991 A.2d 1120, 1126 (Del. 2010).  Under this tenet, a court will not and cannot "rewrite the contract or appease a party who later wants to escape from what it now considers to be a bad deal."  *N.K.S. Dist., Inc. v. Tigani,* 2010 WL 2178520 at 7 (Del. Ch. May 28, 2010).

In the case *sub judice*, the existence of the contract and the material terms thereof are not in dispute.  (*Answer to Amended Complaint* ¶¶ 5, 9, 11, 15, 19.)  A plain reading of the *Agreement* establishes that its terms are clear and unambiguous.  Pursuant to the *Agreement*, Defendant granted Plaintiff a put option (the "Put Option") with respect to the Shares, which provided Plaintiff with the right, but not the obligation, at any time on or after June 1, 2021, to require Defendant to purchase from Plaintiff up to a maximum of 2,500,000 of the 12,500,000 shares that Plaintiff held in Iota for a price of $0.12 (*i.e.*, 12 cents) per share.  (*Speight Decl.* ¶¶ 7, 8; *Agreement* ¶ 4.1 (Article IV).)  Plaintiff exercised his rights under terms of the Put Option in the *Agreement*.  However, Defendant failed to acknowledge its obligation to repurchase its shares.  Therefore, Defendant is in breach of the *Agreement*.

### IV.   CONCLUSION:

For the above reasons, Plaintiff's uncontested *Motion for Default Judgment and/or in the Alternative, Summary Judgment* is granted.  Judgment is entered in favor of Plaintiff and against Defendant, Iota Communications, Inc., in the amount of $300,000.

**BY THE COURT:**

  /s/ John Milton Younge  
Judge John Milton Younge

6